# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Anthony Riggins,
    Plaintiff

    vs

Terry Collins, et. al.,

    Defendants

Case No. 1:07-cv-809

**REPORT AND
RECOMMENDATION**
(Barrett, J.; Hogan, M.J.)

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 25), Plaintiff's Response to Court's Show Cause Order (Doc. 30), Defendants' Reply in Support of Their Motion for Summary Judgment (Doc. 33), and Defendants' Notice of Filing Declaration of Rhonda Stalnaker (Doc. 36).

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against several employees of the Southern Ohio Correctional Facility ("SOCF") alleging deliberate indifference to his medical needs. Plaintiff, an inmate currently incarcerated at the SOCF, alleges that he was refused medical treatment for pain in his neck and back. (Doc. 1, Complaint). Plaintiff alleges that, although he filed informal complaints and grievances, he was refused proper medical treatment. (Id.). Defendants dispute that they were deliberately indifferent to Plaintiff's medical needs and that Plaintiff has been provided consistent and quality medical care for both his back and neck pain. Plaintiff has also undergone several outpatient procedures as well as preventative surgery. (Doc. 25, Ex. A, at p.25).

## OPINION

A motion for summary judgment should be granted if the evidence submitted to the court

demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and

*Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. It is well settled that the conditions under which a prison inmate is confined and the treatment he receives while incarcerated are subject to Eighth Amendment scrutiny. *Helling v. McKinney*, 509 U.S.25 (1993). Once the state incarcerates a person against his will and restrains his liberty so that he is unable to care for himself, the Eighth Amendment imposes on the state and its agents a corresponding responsibility for the inmate's safety and well being. *Id.* at 2480.

In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); see also *Estelle*, 429 U.S. at 106. Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

The objective component of the Eighth Amendment requires that the inmate show the deprivation is sufficiently serious. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). When an inmate alleges a delay in treatment, the seriousness of the deprivation is determined by the

effects of the delay in treatment. *Napier v. Madison County, Ky.*, 238 F.3d 739 (6th Cir. 2001). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier,* 238 F.3d at 742, quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994).

Plaintiff's medical records reflect the following medical treatment:

1. February 20, 2004, Lumbar spine was examined at the Corrections Medical Center (CMC).
2. February 15, 2005, cervical spine was examined at the CMC.
3. November 16, 2005, PA and left lateral chest were examined at CMC.
4. November 21, 2005, left knee was examined at CMC.
5. March 2, 2007, MRI of cervical spine performed at the Ohio State Medical Center.
6. March 10, 2006, Plaintiff was examined in the pain clinic at CMC and was scheduled for a surgical procedure at the Ohio State Medical Center.
7. August 31, 2006, Plaintiff was evaluated for neck and back pain at CMC and was given medication for pain management.
8. March 2, 2007, MRI of Plaintiff's cervical spine performed at the Ohio State Medical Center.
9. June 8, 2007, Interlaminar Cervical Epidural Steroid injection given at the Ohio State Medical Center to treat Plaintiff's cervical radiculitis.
10. October 23, 2007, Plaintiff referred for a medical evaluation from Dr. Carol A. Miller at the Ohio State Medical Center regarding his back pain.
11. November 10, 2007, Plaintiff was evaluated by medical staff at SOCF for pulling a muscle in his neck.
12. November 26, 2007, SOCF received a letter from Dr. Carol A. Miller stating that Plaintiff required back surgery to prevent future neurological injury only. The letter indicated that the surgery was not intended to correct Plaintiff's chronic radiculopathy which was not expected to improve.
13. December 11, 2007, MRI of Plaintiff's cervical spine performed at the Ohio State Medical Center.
14. December 10, 2007, anterior cervical diskectomy and fusion surgery performed at the Ohio State Medical Center.
15. December 17, 2007, intraoperative monitoring study performed at the Ohio State Medical Center to measure the integrity and conduction through Plaintiff's cervical spine.

(Doc. 36, Declaration of Rhonda Stalnaker, Ex. A, Plaintiff's Medical Records, Bate Stamp 001-0030). Plaintiff has offered no evidence in support of his argument. While Plaintiff contends that he was not given the opportunity to review his medical records in order to point

out the alleged delays in treatment, the record does not reflect any attempts by Plaintiff to request discovery from Defendants.

The issue is not whether Plaintiff received medical care which he deems "meaningful," but rather whether prison officials and doctors were deliberately indifferent to his medical needs. Plaintiff was repeatedly evaluated both by SOCF medical staff and doctors at the Ohio State Medical Center ("OSMC") to determine how best to treat his condition. Plaintiff also underwent several medical procedures at the OSMC, including MRIs, epidural injections, and cervical diskectomy and fusion surgery. While Plaintiff's deposition testimony reflects his dissatisfaction with the treatment which he received, the failure to pursue every conceivable option for medical treatment does not constitute deliberate indifference to Plaintiff's medical needs. Moreover, although Plaintiff disagrees with the treatment he ultimately received, the Court cannot say that such treatment was so "woefully inadequate as to amount to no treatment at all." *Westlake*, 537 F.2d at 860-61 n.5. Accordingly, we find that Defendants' Motion for Summary Judgment (Doc. 25) should be granted.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendants' Motion for Summary Judgment (Doc. 25) be GRANTED.
2) Plaintiff's Complaint be DISMISSED and this case be TERMINATED upon the Court's docket.
3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 9/17/09

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Anthony Riggins 188-083
SOCF
PO Box 45699
Lucasville, OH 45699

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ✓ ☑ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)

7002 3150 0000 8388 4292

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:07cv 809 (Doc. 38)