# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Anthony Riggins,

    Plaintiff,

    v.                                    Case No. 1:07cv809

Terry Collins, *et al.*,              Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the court upon Magistrate Judge's Report and Recommendation ("R&R") granting Defendants' Motion for Summary Judgment (Doc. 38).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] On September 28, 2009, Plaintiff filed a Motion to Alter Judgment (Doc. 40). The Court construes Plaintiff's Motion as Objections to the R&R.

Plaintiff, a prisoner at the Southern Ohio Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. The Magistrate Judge reviewed Plaintiff's medical records and his deposition, which were attached to Defendants' Motion for Summary Judgment. The Magistrate Judge also reviewed the documents submitted by Plaintiff, which are a series of "Informal Complaint Resolution" forms completed by Plaintiff and a "Response to Kite." The Magistrate Judge

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

found that Plaintiff had not shown that Defendants were deliberately indifferent to his medical needs. The Magistrate Judge noted that Plaintiff was repeatedly evaluated both by SOCF medical staff and doctors a the Ohio State Medical Center to determine how to best treat his condition.

In response to the R&R, Plaintiff has submitted medical records from October through December of 2007 and a "Response to Kite" dated August 15, 2008 which states: "Copies of your medical records may be obtained by your attorney through the Legal department." The Court notes that the medical records were previously submitted by Defendants as attachments to their Motion to Dismiss. Plaintiff claims difficulty in obtaining additional evidence in support of his claims due to his incarceration and lack of counsel.

While a court must construe a *pro se* plaintiff's pleadings more liberally than pleadings prepared by an attorney, *pro se* litigants "are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993). In addition, *pro se* plaintiffs "are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Court finds that the Magistrate Judge did not err in concluding that Plaintiff failed to establish a claim of deliberate indifference to his medical needs under the Eighth Amendment. While Plaintiff points out that he first complained of pain on February 25, 2005, but was not seen for the pain until April 7, 2006, and did not have surgery until December 10, 2007, the medical records in the record show that a variety of testing and several evaluations of Plaintiff's pain were made during this period of time. The Court cannot find based upon this record that Defendants were deliberately indifferent to

Plaintiff's medical needs.

Based on the foregoing, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Alter Judgment (Doc. 40), which the Court construes as Objections to the R&R, is **DENIED** as the Court overrules the objections;

2. Magistrate Judge's R&R is hereby **ADOPTED**;

3. Defendants' Motion for Summary Judgment (Doc. 25) is **GRANTED**;

4. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith; and

5. This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court